(No. 11111.)

THE PEOPLE *ex rel.* George Harris, Relator, *vs.* WILLIAM C. GRAVES, Respondent.

*Opinion filed December 21, 1916.*

1. HABEAS CORPUS—*habeas corpus cannot operate as a writ of error.* The writ of *habeas corpus* cannot operate as a writ of error to review the judgment of a court having jurisdiction of the person of the defendant and of the subject matter of the suit.

2. SAME—*when constitutionality of an act cannot be raised in a habeas corpus proceeding.* The constitutionality of the statute under which the defendant was sentenced cannot be raised in a *habeas corpus* proceeding based upon alleged want of jurisdiction to enter the sentence.

3. SAME—*when the second sentence of a prisoner is not void.* Where the municipal court, ten days after entering a judgment on a plea of guilty and sentencing the defendant to the State reformatory, vacates the judgment while the defendant is still in the county jail and enters a second judgment identical with the first except that it directs the bailiff of the municipal court, instead of the sheriff of the county, to take the defendant to the reformatory, the second judgment, even if erroneous, is not void.

ORIGINAL petition for *habeas corpus.*

BENJAMIN C. BACHRACH, and JULIUS SAVITKY, for relator.

P. J. LUCEY, Attorney General, (THOMAS J. O'HARE, of counsel,) for respondent.

Mr. JUSTICE CARTER delivered the opinion of the court:

The petition for *habeas corpus* in this case was filed by leave of this court to investigate the question whether the relator, George Harris, should be discharged from the Illinois State reformatory, where he is now confined by virtue of a judgment entered in the municipal court of Chicago on April 10, 1916.

The relator was sentenced to the reformatory for one year and fined $500 and costs, and to stand committed until the fine and costs were paid or until he was discharged in due course of law. The information charged the relator with an assault; the finding of the court was that on April 1, 1916, Harris plead guilty in the municipal court of Chicago to the charge of malicious and willful assault with a deadly weapon. No point is made in the briefs as to this difference. The sentence entered on that date shows that the bailiff of the municipal court was commanded to take the defendant to the county jail, and the keeper of the jail commanded to receive the defendant, and the sheriff of Cook county commanded to take the defendant to the State reformatory. Later, the records of the municipal court showed the entry of the following order: "April 10, 1916.—Harry M. Fisher.—Motion defendant heretofore entered herein to vacate judgment of April 1, 1916, sust.," etc. The judgment, after being vacated, was entered again on April 10 in the exact form of the judgment of April 1, except that in the later order the bailiff of the municipal court was commanded to take the defendant to the reformatory. Between April 1 and April 10 the relator was confined in the jail of Cook county. After the order of April 10 was entered he was taken by a bailiff of the municipal court to the reformatory at Pontiac, where he is now confined.

Counsel for the relator argue that the judgment and sentence of April 10, upon which the commitment was based, were void and therefore the relator should be released under this petition. The settled rule of law in this State is that the writ of *habeas corpus* cannot operate as a writ of review. The repeated decisions of this court are to the effect that the writ will not be used to review the judgment of the court when the judgment sought to be reviewed has been rendered by a court having jurisdiction of the person and the subject matter of the suit in which the judgment had been rendered. (*People* v. *Zimmer,* 252 Ill. 9, and cited cases; *People* v. *Allen,* 160 id. 400.) There can be no question, on this record, that the trial court had jurisdiction of the person and the subject matter, and the question of any irregularity in the second judgment can be reached by a writ of error. Even conceding that there is merit in the petitioner's argument, the judgment of the municipal court would only be voidable and not void. We deem it unnecessary to refer to or review the decisions from other jurisdictions relied on by counsel for relator, as the authorities of this State must be conclusive on this question. It is not improper, however, to add, in passing, that we find nothing in the Federal or State authorities cited, in view of the facts in this case, that is in conflict with the decisions of this State.

The relator also attempts to question the constitutionality of the act under which he was sentenced to the State reformatory. That question cannot be raised in this proceeding. *People* v. *Jonas,* 173 Ill. 316; *People* v. *Strassheim,* 242 id. 359; *People* v. *Zimmer, supra.*

If there is any merit in any of the questions urged by counsel for the relator they can be raised by writ of error but cannot be reviewed by this court in a proceeding of this nature.

The relator is remanded to the custody of respondent.

*Relator remanded to custody.*