(No. 22306.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARK HUNT, Plaintiff in Error.

*Opinion filed June 15, 1934.*

FARTHING, J., dissenting.

S. C. LEWIS, and R. S. ROWLAND, for plaintiff in error.

OTTO KERNER, Attorney General, (J. J. NEIGER, and HOMER KASSERMAN, of counsel,) for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Mark Hunt was charged, by an indictment returned in the circuit court of Richland county, with delivering and causing to be delivered to Clinton Williams, Francis Bunnieu and Edward Meyers, held in the common jail of that county on the charge of robbery with a deadly weapon, certain tools and instruments to facilitate their escape. A jury trial resulted in a verdict of guilty, upon which, after the denial of motions for a new trial and in arrest of judgment, Hunt was sentenced to the penitentiary. He prosecutes this writ of error.

The plaintiff in error was employed by the county of Richland as a night guard at the county jail. His indictment and conviction are based upon section 92 of the Criminal Code (Cahill's Stat. 1933, p. 1011; Smith's Stat. 1933, p. 1033). That section provides: "Whoever conveys into the penitentiary, or into any jail or other place of confinement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or by any means whatever aids, abets, or assists such prisoner to escape or to attempt to escape from any jail, prison, or any lawful detention whether such escape is effected or attempted or not, or conceals or assists any convict after he has escaped, shall upon conviction thereof be given the same penalty as the prisoner whom he aided or abetted, except that in case the prisoner is sentenced to death, the penalty for such aid shall be imprisonment for life in the penitentiary."

The contention is made, among others, that before the plaintiff in error could be convicted under section 92 of the Criminal Code, the conviction of the prisoners in the county jail, whose escape he is charged to have aided or facilitated, should have been established; that such proof is lacking in this case, and that, as a consequence, the sentence pronounced against the plaintiff in error cannot stand. The measure of punishment prescribed for a violation of section 92 is the same as the sentence imposed upon the prisoner whose escape was aided or abetted. If Williams, Bunnieu and Meyers were convicted and sentenced, the record showing these facts should have been introduced in evidence in this case. (*People* v. *Novak,* 343 Ill. 355; *Bartholomew* v. *People,* 104 id. 601). A court will not take judicial notice of the contents of its records except in the proceeding pending before it. (*People* v. *Chicago and Eastern Illinois Railway Co.* 336 Ill. 506; *Donner* v. *Highway Comrs.* 278 id. 189; *People* v. *Carr,* 265 id. 220;

Jones on Evidence, (2d ed.) sec. 124). The sentence pronounced against the plaintiff in error requires his imprisonment in the penitentiary for an indeterminate period whose minimum is one year and whose maximum is his natural life. Owing to the omission in the proof to which reference has been made, the evidence fails to support a conviction upon the indictment.

The judgment is reversed and the cause is remanded for a new trial. *Reversed and remanded.*

Mr. JUSTICE FARTHING, dissenting.