(No. 30744.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT NICHOLSON, Plaintiff in Error.

*Opinion filed November 18, 1948.*

LAWRENCE F. O'BRIEN, and JEROME J. DOWNEY, both of Rockford, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, and MAX A. WESTON, State's Attorney, (DONALD M. KEENAN, of counsel,) both of Rockford, for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

On January 16, 1942, plaintiff in error, Robert Nicholson, was indicted in the circuit court of Winnebago County, under the provisions of section 92 of division I of the Criminal Code, (Ill. Rev. Stat. 1941, chap. 38, par. 228,) for the crime of aiding, abetting and assisting one Wayne Palmer to escape from the county jail of Winnebago County, on December 30, 1941, while the said Palmer stood convicted for the crime of robbery and was under sentence to the penitentiary. Plaintiff in error was not apprehended until February 4, 1948, and immediately thereafter was tried by a jury which found him guilty of the charge. Motions for a new trial were subsequently overruled, and plaintiff in error was sentenced to serve no less than two nor more than seven years in the penitentiary. He prosecutes this writ of error.

Section 92 of division I of the Criminal Code, upon which the indictment against plantiff in error was based, provides as follows: "Whoever conveys into the penitentiary, or into any jail or other place of confinement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner there law-

fully committed or detained, or by any means whatever aids, abets, or assists such prisoner to escape or to attempt to escape from any jail, prison, or any lawful detention whether such escape is effected or attempted or not, or conceals or assists any convict after he had escaped, shall upon conviction thereof be given the same penalty as the prisoner whom he aided or abetted, except that in case the prisoner is sentenced to death, the penalty for such aid shall be imprisonment for life in the penitentiary."

The facts here show that Palmer was indicted for the crime of robbery on October 9, 1941. A week later he withdrew a plea of not guilty and was admitted to probation. On December 23, 1941, probation was revoked and Palmer was sentenced to the penitentiary for a term of not less than one year nor more than twenty years, with the advisory recommendation that he serve no less than three nor more than ten years. On the morning of December 30, 1941, after Palmer had been sentenced and was awaiting transfer to the penitentiary, plaintiff in error, who was also then incarcerated in the Winnebago County jail, made a successful escape from the jail. Using a key taken from a jailor, plaintiff in error released Palmer from his cell and the latter also escaped. Palmer was apprehended four days later and committed to the penitentiary by virtue of his sentence for robbery which had previously been imposed.

Plaintiff in error Nicholson, as previously noted, did not return to the custody of Winnebago County authorities until February 4, 1948, approximately six years after he had been indicted for aiding Palmer to escape. In the meantime Palmer sued out a writ of error from this court, (*People* v. *Palmer,* No. 28596,) wherein the only relief sought was remandment of the cause for the purpose of entering a judgment of sentence in conformity with the law. Because his sentence contained an advisory recommendation such as was condemned in *People* v. *Montana,*

380 Ill. 596, the Attorney General confessed error, and this court issued its mandate remanding the cause to the circuit court of Winnebago County with directions to impose a proper sentence in conformity with the law. That court redocketed the cause in May, 1945, and instead of imposing a proper sentence, as directed by our mandate, admitted Palmer to probation. Although this issue is not directly before us, it should be noted that the trial court was without power to then admit Palmer to probation, for the reasons stated in *People ex rel. Barrett v. Bardens,* 394 Ill. 511.

On the basis of the foregoing facts plaintiff in error contends that he cannot be prosecuted and sentenced under the terms of section 92, first, because the original sentence given Palmer was subsequently found to be null and void, and second, because the latter was ultimately given no punishment for his crime of robbery but was admitted to probation. In our opinion both contentions are based on a misconception of the results arising from the opinion in *People* v. *Montana,* 380 Ill. 596, in which this court held the 1941 amendments to the Sentence and Parole Act to be invalid. Palmer was convicted of robbery and sentenced to the penitentiary for a term of not less than one nor more than twenty years, as then provided by statute. (Ill. Rev. Stat. 1941, chap. 38, par. 501.) Under the terms of section 2 of the Sentence and Parole Act, as amended in 1941, (Ill. Rev. Stat. 1941, chap. 38, par. 802,) which was in effect at the time Palmer was sentenced, the trial court added its advisory recommendation, that the term be not less than a minimum of three years, nor greater than a maximum of ten years. Upon the basis of the *Montana case,* we held that the advisory recommendations above were null and void. Plaintiff in error takes the position that the entire sentence was thus null and void. Such is not the case. The effect of the invalid recommendations on the balance of the judgment and sentence imposed has previously been discussed by this court. We said in *People*

*ex rel. Barrett* v. *Sbarbaro,* 386 Ill. 581: "The validity and force of the judgments is exactly the same as if the 1941 amendment had not been passed. * * * The inclusion of the recommendations in the judgments, purporting to reduce the maximum term of the sentences imposed, under the authority of the invalid amendment of 1941, was without lawful authority, and void. This unauthorized act had no effect whatever upon the lawful sentences imposed." Again, in *People* v. *Bardens,* 394 Ill. 511, we stated: "Indeed, until the amendments of 1943 to the Sentence and Parole Act were added, it would have been entirely proper for this court to have regarded the advisory recommendations as surplusage, to have ordered the provisions therefor stricken from the judgments of sentence, and to have affirmed the judgments of sentence, as modified." From the foregoing it may be seen that although the advisory recommendations of Palmer's sentence were null and. void, their invalidity in noway affected his lawful sentence of from one to twenty years.

In 1945, when Palmer sued out a writ of error from this court, the only relief he sought was remandment of the cause for the purpose of entering a judgment in conformity with law. As further pointed out in *People* v. *Bardens,* 394 Ill. 511, following *People* v. *Sbarbaro,* 386 Ill. 581, such remandment for resentence became necessary, from the effective date of the 1943 amendments, because "a defendant enjoyed the right to be resentenced thereunder or, if he so desired, under the provisions of the law obtaining prior to the enactment of the unconstitutional amendments of 1941." When a defendant is directed to be resentenced, pursuant to the mandate of this court, the trial court has no alternative but to sentence the defendant under the applicable provisions of the Sentence and Parole Act. (*People* v. *Panczko,* 390 Ill. 398.) The trial court is without jurisdiction to change its original judgment, as to defendants in such cases who are serving their sentences,

as the court has lost jurisdiction of their persons. (*People v. Wilson,* 391 Ill. 463; *People v. Barg,* 390 Ill. 201.) The circuit court of Winnebago County thus was without authority or jurisdiction to release Palmer on probation when the cause was remanded to that court. The unauthorized act of the court in doing so could not, in our opinion, relieve plaintiff in error of criminal responsibility under section 92.for having aided Palmer to escape.

As we observed in *People v. Bardens,* 394 Ill. 511, "A sentence to imprisonment in the penitentiary cannot be synonymous with a grant of probation entitling a convicted defendant to escape a penalty of imprisonment. As pertinently pointed out in *Commonwealth v. Smith,* 130 Pa. S. 536, 198 Atl. 812, the court in deciding that an order of probation is not a sentence, commented: 'It delays the sentence and may result in the release of the defendant at the end of the probationary period but until the conduct of the defendant has been such as to harmonize with the conditions of probation the sentence is in abeyance.' " Palmer's probation is void and he is still subject to the penalty provided by law for the crime of robbery. Even if the probation were valid it would in no manner afford a basis for plaintiff in error's argument that Palmer has been given no penalty from which plaintiff in error's penalty could be determined under the provisions of section 228. As indicated above, the sentence is in mere abeyance during probation, which is separate and apart from the sentence.

Regardless of the later acts of this court or the circuit court, Palmer stood validly sentenced to a term of not less than one nor more than twenty years at the time plaintiff in error aided him to escape. This sentence, along with Palmer's conviction, was amply proved in the trial court and formed a sufficient standard upon which to base plaintiff in error's punishment.

Section 92 provides that plaintiff in error shall be given the same penalty as the prisoner he aided and abetted.

The penalty for the crime of robbery of which Palmer stood convicted was, as stated, from one to twenty years. Neither the finding that the advisory recommendation was invalid, nor the fact that Palmer was given probation has altered that fact. This is the penalty to which plaintiff in error was subject for aiding Palmer to escape. The trial court in its discretion and under authority of section 2 of the Sentence and Parole Act, (Ill. Rev. Stat. 1947, chap. 38, par. 802,) which was in effect when plaintiff in error was tried, sentenced plaintiff in error to an indeterminate term which fixed the minimum at two years and the maximum at seven years, which is a term within the maximum provided by law for the crime of robbery, and thus within the maximum provided by section 92 for the crime of aiding a convicted robber to escape. There is a difference between penalty and sentence, which plaintiff in error has consistently overlooked in his argument. The punishment or penalty is fixed by the law defining and inhibiting the criminal act; the sentence is the final determination of the criminal court,—the pronouncement by the judge of the penalty or punishment as the consequence to the defendant of the fact of his guilt. *Featherstone* v. *People,* 194 Ill. 325.

In view of our finding that Palmer was confined under a valid sentence at the time of his escape, which he is still subject to despite the fact that he was unlawfully admitted to probation, plaintiff in error's arguments as to the necessity of proving a valid sentence, which he bases on the case of *People* v. *Hunt,* 357 Ill. 39, are answered. The contentions that Palmer was not validly sentenced, and that his later admission to probation relieved plaintiff in error of liability to punishment under section 92, are without merit.

Plaintiff in error next contends that section 92 is unconstitutional in that it denies equal protection to all persons charged with the violation thereof, contrary to the fourteenth amendment to the constitution of the United

States and to section 11 of article II of the constitution of the State of Illinois. In *People* v. *Saltis*, 328 Ill. 494, we said: "every person has a right to be governed by general laws operating equally and uniformly upon all persons in like circumstances who are within the condition for which the law provides, and the classification must be so general as to bring within the operation of the act all persons in substantially the same situation. Equal protection of the law requires that the rights of every person must be governed by the same rule of law under similar circumstances, and a mere arbitrary discrimination between different classes is a denial of the equal protection of the law." (*Ritchie* v. *People*, 155 Ill. 98; *Millett* v. *People*, 117 Ill. 294; *Lippman* v. *People*, 175 Ill. 101.) It is within the power of the legislature to provide one penalty for all prisoners who aid one convicted of robbery to escape, and to provide another penalty for all prisoners aiding one convicted of petty larceny to escape. This is not an arbitrary discrimination. The measure of punishment is fixed by the terms of this statute, in accordance with the seriousness of the offense of which the prisoner, who is released or sought to be released from prison, is convicted. As was said in *Pennsylvania ex rel. Sullivan* v. *Ashe*, 302 U. S. 51, 82 L. ed. 43, "The law has long recognized a relation between punishment for breach of prison and the offense for which the prisoner is held, and has more severely punished prison breaking by one undergoing imprisonment for a grievous crime than if done by one held for a lesser offense." Similarly, the United States Supreme Court has sustained convictions under statutes prescribing a death penalty for the commission by life prisoners of assaults with intent to kill, lesser punishments being laid on other convicts, as not repugnant to the equal protection clause. *Finley* v. *California*, 222 U. S. 28, 56 L. ed. 75.

Plaintiff in error contends that the rule laid down in *Pennsylvania ex rel. Sullivan* v. *Ashe*, 302 U. S. 51, 82

L. ed. 43, does not apply in the instant case, by virtue of the distinction in that the Pennsylvania statute applies to "jailbreaks" by convicted felons, while the Illinois statute applies to those who "aid in escape," but urges rather that the Illinois statute is similar in nature to statutes in Idaho and Kansas, which were held to be unconstitutional and which were distinguished from the Pennsylvania statute in the *Ashe case*. The Kansas statute therein referred to provides as follows: "That in case any convict shall escape from the penitentiary, or from the custody of any officer, or make an attempt to so escape, or shall join in any mutiny, or shall make an attempt at mutiny, or in any manner to do any act to cause others to mutiny, while in confinement in the State Penitentiary, or while in the custody of any officer, the said convict shall be taken by the warden before the District Court of Leavenworth County, on information filed by the warden; and if the charge be sustained, the time said convict had served in the penitentiary prior to such act as charged shall not be counted as any part of the term of his sentence, but the said convict shall be sentenced by the court to confinement in the State Penitentiary for the full term for which he or she was sentenced by the court before whom he or she was convicted and undergoing sentence at the time of violating the provisions of this section." This statute was declared unconstitutional by the Supreme Court of Kansas in *State v. Lewin,* 53 Kans. 679, 37 Pac. 168, which held it attempted to establish a system of special criminal procedure in Leavenworth County, for a special class of offenses, and undertook to confer on the warden of the penitentiary the functions of the prosecuting officer in that court. It found, too, that the punishment imposed was not measured by the offense committed, but made to depend wholly on the date of the sentence under which the prisoner was confined in the penitentiary at the time he committed the act for which he was to be punished. The Idaho statute provided as

follows: "Every state prisoner confined in the state prison for a term less than for life, who escapes therefrom, is punishable by imprisonment in the state prison for a term equal in length to the term he was serving at the time of such escape; said second term of imprisonment to commence from the time he would otherwise have been discharged from said prison." In holding this statute unconstitutional, the Supreme Court of Idaho in *Ex parte Malon,* 16 Idaho, 737, 102 Pac. 374, said: "To say that the long-term convict commits a greater offense than the short-term convict is to base the punishment for such escape, not upon the act of escaping from a state prison, but upon the act of escaping from a punishment fixed by court in the judgment of conviction. The statute in defining the offense, however, makes the escape from the state prison the offense, and not the escape from the punishment of the judgment fixed by the court upon trial. This classification is not natural, but arbitrary. To justify a classification of grades of crime, there must appear some good and valid reason why the classification should be made as made."

The Idaho and Kansas statutes are clearly distinguishable from the Illinois act in that they both provide a mandatory punishment for an escaped felon based on the punishment that he received for his original offense, whereas, the Illinois legislature has classified the seriousness of the offense of aiding one to escape according to the seriousness of the offense of the prisoner assisted in escaping. This is not an arbitrary classification. The contention that the Illinois act is unconstitutional must also fail.

For the foregoing reasons, therefore, the judgment of the circuit court of Winnebago County, sentencing plaintiff in error to a term of not less than two nor more than seven years in the penitentiary, is affirmed.

*Judgment affirmed.*