(Nos. 33390, 33391.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LEONARD J. VRANIAK, Plaintiff in Error.

*Opinion filed February 16, 1955—Rehearing denied April 15, 1955.*

LEONARD J. VRANIAK, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, GEORGE W. SCHWANER, JR., JOHN T. GALLAGHER, and RUDOLPH L. JANEGA, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

On July 29, 1948, defendant, Leonard Vraniak, was sentenced by the criminal court of Cook County in cause No. 48-114 to a term of ten years in the Illinois State Penitentiary for the crime of larceny. The order of the court further directed that the term of said imprisonment should commence at the expiration of a previous sentence of one year to life imposed upon the prisoner by the same court on January 15, 1941. Thereafter, on November 25, 1948, and while still confined in the common jail of Cook County, defendant fashioned openings in the metal parti-

tions of two adjoining cells so as to enable a fellow prisoner, who had been previously sentenced for burglary, to attempt an escape. As a result, defendant was indicted, tried by jury, and found guilty in the criminal court of Cook County in cause No. 48-2458 of "unlawfully, feloniously, wilfully, and knowingly" aiding, abetting, and assisting in the escape attempt in violation of section 92 of division I of the Criminal Code. (Ill. Rev. Stat. 1947, chap. 38, par. 228.) The indictment contained neither a specific allegation of criminal "intent" nor reference to defendant's previous convictions. After his motion for a new trial was denied, the defendant was, on May 13, 1949, sentenced to a term of from six to ten years in the penitentiary, such sentence to be consecutive to the one previously imposed in cause No. 48-114.

Relying solely upon the common-law record, and appearing *pro se*, defendant has prosecuted separate writs of error to review the judgments of conviction in causes No. 48-114 and No. 48-2458 respectively. Although separate briefs have been filed by defendant in each cause, the questions of law are identical, and for that reason they will be considered as one in this opinion.

It is defendant's contention that the sentences in the causes above mentioned must be declared to be either void or concurrent from the date of his entry into prison, for the reasons that: (1) the trial court had no authority to order a consecutive sentence in either cause; (2) the second indictment failed to allege either a criminal intent or his prior convictions; (3) the "Aiding Escape Statute" is unconstitutional, and (4) the sentences of the trial court were vague, indefinite, and uncertain.

It has long been the rule in Illinois that a court may, in its discretion, impose consecutive sentences where the accused has, in fact, committed separate and distinct violations of the law. (*Johnson* v. *People*, 83 Ill. 431; *People*

v. *Decker,* 347 Ill. 258; *People* v. *Wooten,* 392 Ill. 542; *People* v. *Loftus,* 395 Ill. 479; *People* v. *Jazorak,* 400 Ill. 447.) Defendant admits the great weight of authority in this country is that, without any contrary statutory provision, the power to impose consecutive sentence resides in the court. He argues, however, that the legislature of this State has abrogated such power by the passage of section 35 of the Habeas Corpus Act, (Ill. Rev. Stat. 1947, chap. 65, par. 35,) and section 14 of the Illinois State Penitentiary Act. (Ill. Rev. Stat. 1947, chap. 108, par. 118.) The former provides that "After a prisoner shall have given his testimony, or been surrendered, or his bail discharged, or he has been tried for the crime with which he is charged, he shall be returned to the jail or other place of confinement whence he was taken for the purpose aforesaid: Provided, if such prisoner is convicted of a crime punishable with death or imprisonment in the penitentiary, he may be punished accordingly; but in any case where the prisoner shall have been taken from the penitentiary, and his punishment is by imprisonment, the time of such imprisonment *shall not commence* to run until the expiration of his time of service under any former sentence." (Emphasis supplied.) The other statute relied upon provides that in case a prisoner is convicted of committing a crime while confined within the penitentiary, "the sentence of said convict *shall not commence* to run until the expiration of the sentence under which he is then held in confinement in the penitentiary system." (Emphasis supplied.) It is defendant's belief that by so entering this field in the manner above stated, the legislature has declared its intention to abolish the entire common law on this subject. Although this argument may have merit on such subjects as the Federal and State jurisdiction over interstate commerce, it is not here applicable. It is clear that the purpose of these acts was not to abrogate the power of the court to

impose consecutive sentences, but rather to make such sentences mandatory in those specified instances. The discretion of the court has been limited only to this extent, and such was our decision in *People* v. *Carroll,* 1 Ill. 2d 359.

Nor does the exercise of the power to impose consecutive sentences infringe upon the powers of the executive department. The guarantees of separation of power are found in the Federal and most State constitutions. Yet the overwhelming weight of authority in this country recognizes the power to impose consecutive sentences. (*State* v. *Mahaney,* 73 N.J.L. 53, 62 Atl. 265; *Ex parte Sargood,* 86 Vt. 130, 83 Atl. 718.) Surely, it cannot now be urged that the use of such power is a constitutional violation. It is true that the power to pardon, parole, and condone rests with the executive department. Yet, even with a consecutive sentence, that right remains. The fact that a prisoner may be forced to immediately commence serving a subsequent sentence does not in any way reduce the power to issue the original pardon. (*People* v. *Ferguson,* 410 Ill. 87.) The imposing of consecutive sentences does not abrogate the power of the executive department; it merely punishes one for his own crimes. In fact, to hold otherwise would be to ignore the sound principles of justice upon which our system of government was founded.

Next to be considered is the sufficiency of the indictment in cause No. 48-2458. It is urged by the defendant that a consecutive sentence may be imposed only if the indictment has alleged the previous crime. As his authority, he points to the provisions of the Habitual Criminal Act. (Ill. Rev. Stat. 1947, chap. 38, par. 602.) He fails, however, to differentiate between the two situations. The latter not only renders proof of a prior conviction admissible but also makes such allegation a material element of the indictment. In the case at hand there was no such statutory provision and to have alleged and proved a previous conviction would, in fact, have been prejudicial to the defend-

ant. *People* v. *Armstrong,* 299 Ill. 349; *Kribs* v. *People,* 82 Ill. 425; 22 C.J.S., Criminal Law, sec. 682.

Defendant further argues that the indictment failed to allege the element of intent. It is true that an indictment must allege all facts necessary to constitute the crime charged. (*People* v. *Moore,* 368 Ill. 455.) As stated in *McCutcheon* v. *People,* 69 Ill. 601: "Where the intent is mentioned as an element of the offence created by a law, it ought to be alleged; but where it is silent as to motive, no intent need be averred in the indictment." To determine whether intent is an element of this crime, we must turn to the statute which created the offense with which defendant was sought to be charged. Section 92 of division I of the Criminal Code on aiding escape (Ill. Rev. Stat. 1947, chap. 38, par. 228,) provides as follows: "Whoever conveys into the penitentiary, or into any jail or other place of confinement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, *or* by any means whatever aids, abets, or assists such prisoner to escape or to attempt to escape from any jail, prison, or any lawful detention whether such escape is effected or attempted or not, *or* conceals or assists any convict after he had escaped, shall upon conviction thereof be given the same penalty as the prisoner whom he aided or abetted, except that in case the prisoner is sentenced to death, the penalty for such aid shall be imprisonment for life in the penitentiary." (Emphasis supplied.) It is to be noted that the statute consists of a series of three separate clauses each joined by the disjunctive conjunction "or." As used in its ordinary sense, the word "or" marks an alternative indicating that the various members of the sentence which it connects are to be taken separately. *Chicago Catholic Workers' Credit Union* v. *Rosenberg,* 346 Ill. App. 153, 104 N.E. 2d 568; *Beasley* v. *Parnell,* 177 Ark. 912, 9 S.W. 2d 10; *Smith* v.

*Farley,* 140 N.Y.S. 990; *Wilcox* v. *Warren Construction Co.* 95 Ore. 125, 186 Pac. 13; *State* v. *Dickens,* 66 Ariz. 86, 183 Pac. 2d 148; *Pennsylvania Co.* v. *Reesor,* 60 Ind. A. 636, 108 N.E. 983; Webster's New International Dictionary (1939 Unabridged); 50 Am. Jur., Statutes, sec. 281.

When the rule of the cited cases is applied to the statute under consideration, it is clear that it was the legislative purpose and intent that the crime defined would be committed in any one of three ways: (1) by conveying an instrument into a place of confinement *with the intent* to facilitate a prisoner's escape; (2) by aiding a prisoner to escape or attempt to escape; or (3) by concealing or assisting a prisoner after he has so escaped. Intent is an element of only the first. Since the defendant was here indicted and tried for "aiding, abetting, and assisting" in an attempted escape, intent was not a material element of the crime and need not have been alleged.

Next, defendant argues in several different ways that the "Aiding Escape Statute" is unconstitutional because it punishes only the aider, and not the escapee. It is urged that this creates an arbitrary and unreasonable classification. Although arbitrary and capricious legislation is prohibited, a reasonable classification based upon some natural principle of public policy will be sustained. (*People* v. *Gordon,* 274 Ill. 462.) An equally familiar point of decision is that it is strictly within the province of the legislature to declare what conduct shall or shall not be punished. (*People* v. *Nicholson,* 401 Ill. 546; *People* v. *Hawkinson,* 324 Ill. 285.) By the statute under which defendant was charged, the legislature saw fit to provide punishment for the person aiding an escape, but not the one aided. When it is considered that the danger of escape is considerably increased by outside intervention or internal collusion by persons other than the prisoner, thus rendering inadequate

protective measures which would otherwise be sufficient, we think it only natural and reasonable that the legislature made the classification it did in seeking to combat the increased dangers of escape. There being a substantial rather than a fancied difference between the policy to be subserved in punishing those aiding an escape, as distinguished from those who were aided, we must conclude that the classification is neither arbitrary, discriminatory nor unreasonable.

Within the same point of argument, defendant also rationalizes as to what the construction and constitutional status of the statute would be if one aided the escape of a person lawfully detained but not yet convicted. Inasmuch as this issue is not presented by the facts in the record before us, we are without any basis to explore the possibilities suggested.

When pronouncing the last consecutive sentence against defendant, the court further ordered that "The said defendant, Leonard J. Vraniak, be taken from the bar of the court to the Common Jail of Cook County, and from thence by the Sheriff of Cook County to the Illinois State Penitentiary, and be delivered to the Department of Public Safety, and the said Department of Public Safety is hereby required and commanded to take the body of the said Defendant Leonard J. Vraniak and *confine him* in said Penitentiary, according to law, *from and after delivery thereof* until discharged according to law. * * *." (Emphasis supplied.) Defendant contends that since a sentence cannot be both delayed and immediately executed, it was vague, indefinite and uncertain. We expressly held in *People v. Ferguson*, 410 Ill. 87, that such language was intended not as fixing a definite date for the commencement of a particular sentence but rather as a direction for the immediate disposition of the prisoner. In all other respects it must be treated as surplusage. As authority upon this point, defendant relies heavily upon *People v. Hardgrave*,

406 Ill. 211. In refutation, we need point out only that the *Hardgrave case* was specifically overruled by the *Ferguson* decision.

After full consideration of the records in each cause, and the errors assigned thereon, it is our conclusion that the judgments of the criminal court were correct and they are, therefore, affirmed.  *Judgments affirmed.*