(No. 33865.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROGER TOUHY, Plaintiff in Error.

*Opinion filed November 26, 1956.*

ROBERT B. JOHNSTONE, of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and FRANK H. MASTERS, JR., State's Attorney, of Joliet, (FRED G. LEACH, and EDWIN A. STRUGALA, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

After a jury trial in the circuit court of Will County, the defendant, Roger Touhy, was found guilty of aiding Edward Darlak, a fellow prisoner, escape from the penitentiary, in violation of section 92 of division I of the Criminal Code. (Ill. Rev. Stat. 1941, chap. 38, par. 228.) At the time of the offense, Darlak, a convicted murderer, was serving a 199 year sentence, and pursuant to said statute the court sentenced the defendant to a term of 199 years.

In urging a reversal, the defendant claims the statute is both inapplicable and unconstitutional.

The provision reads as follows: "Whoever conveys into the penitentiary, or into any jail or other place of con-

finement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or by any means whatever aids, abets, or assists such prisoner to escape or to attempt to escape from any jail, prison, or any lawful detention whether such escape is effected or attempted or not, or conceals or assists any convict after he had escaped, shall upon conviction thereof be given the same penalty as the prisoner whom he aided or abetted, except that in case the prisoner is sentenced to death, the penalty for such aid shall be imprisonment for life in the penitentiary."

Initially, the defendant argues that the foregoing section does not apply to a convict who aids a fellow convict to escape. But he advances no reasons in support of the asserted exemption, and the statute by its terms applies to anyone guilty of the proscribed conduct. See *People* v. *Nicholson,* 401 Ill. 546.

The defendant's next ground for reversal is that "if said section is modified by the Indeterminate Sentence Act, the sentence imposed upon defendant was illegal and void since the procedure required by said Act was not followed at bar." However, as we understand the defendant's argument, he does not maintain that the so-called "Indeterminate Sentence Act" (Ill. Rev. Stat. 1941, chap. 38, par. 802,) was, in fact, applicable to a case of this nature. Nor do we see any such application. The section of the Criminal Code under which Darlak, the escapee, was sentenced, provides for punishment of death, imprisonment for life, or a term of not less than 14 years. The statute under consideration provides that upon conviction of the person who aids or assists the escapee, the penalty shall be the same as that given the prisoner whom he aided. The penalty imposed upon Darlak was fixed at a term of 199 years, and it was permissible for the court to impose a like sentence on the defendant. (Cf. *People* v. *Nicholson,* 401 Ill.

546.) Darlak was not sentenced under the "Indeterminate Sentence Act," (section 2 of the Sentence and Parole Act,) but under provisions allowing for a fixed number of years.

The defendant's remaining objections relate to the constitutionality of the statute. In this regard, his principal contention is that it "fails to provide for like punishment for the same or similar offenses in violation of Article II, Sec. 2, Sec. 11 and Sec. 20 of the Constitution of the State of Illinois, and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States."

The constitutionality of this statute has twice been considered by this court, and in each instance the legislation was held valid as against the asserted objections. *People* v. *Nicholson,* 401 Ill. 546; *People* v. *Vraniak,* 5 Ill.2d 384.

In the *Nicholson case,* as here, the defendant argued that the statute created an arbitrary classification. But the court pointed out that it was within the scope of legislative power to measure the punishment by the seriousness of the offense of the prisoner assisted in escaping, stating it was proper "to provide one penalty for all prisoners who aid one convicted of robbery to escape, and to provide another penalty for all prisoners aiding one convicted of petty larceny to escape." (p. 553.) Implicit in this is the recognition that a greater injustice is done to society by assisting the escape of one convicted of a more serious crime (such as murder, where the statutory penalty is death, imprisonment for life or a term of not less than 14 years) than in aiding the escape of one convicted of a lesser offense (such as forgery, where the prescribed penalty is not less than one nor more than 14 years). We cannot say that this is an unreasonable approach for the legislature to adopt. "* * * it is strictly within the province of the legislature to declare what conduct shall or shall not be punished," (*People* v. *Vraniak,* 5 Ill.2d 384, 390,) and it is not the province of the courts to interfere unless the penalty im-

posed is manifestly disproportionate to the nature of the offense. *People* v. *Lloyd*, 304 Ill. 23.

In the *Vraniak case*, decided last year, we held the statute was not unconstitutional in punishing the aider and not the escapee, since there was a sound policy to be subserved in singling out for punishment one who aids in the escape of a prisoner.

As noted, the statute before us reflects the legislature's view that aiding the escape of a murderer, for example, is a more serious offense than aiding the escape of a burglar or robber, the greater danger to society resulting from the escape of a prisoner having more serious criminal propensities being thought to justify a heavier penalty for the one who aids the escape. In order to effectuate this general idea, the legislature might have provided expressly for separate and distinct crimes of aiding the escape of a murderer, aiding the escape of a burglar, and so on. But legislative bodies are permitted a wide range of discretion in exercising their power to make classifications. (*People* v. *Saltis*, 328 Ill. 494.) Accordingly, in this instance the legislature decided to take account of the classifications already in the Criminal Code and simply provide that the defendant be given the same penalty as the prisoner whom he aided or abetted. This may result in severity of punishment in some cases, but it does not constitute an unreasonable classification.

The defendant's remaining points are either discussed in the *Nicholson case* and further elaboration is unnecessary, or are matters which should be directed to the legislature, not the courts. Among the latter is the legality of the 199 year sentence, which this court has held is within the power of the legislature to prescribe. *People* v. *Pace*, 362 Ill. 224; *People* v. *Rucker*, 364 Ill. 371.

For the reasons stated, the judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*