UNITED STATES of America, ex rel.
Leonard J. VRANIAK, Petitioner-
Appellant,

v.

Ross V. RANDOLPH, Warden, Illinois
State Penitentiary, Menard, Illi-
nois, Respondent-Appellee.

No. 12364.

United States Court of Appeals
Seventh Circuit.

Nov. 21, 1958.

Norman M. Gold, Chicago, Ill., for appellant.

Latham Castle, Atty. Gen., of State of Ill., William C. Wines, Raymond S. Sarnow, A. Zola Groves, Asst. Attys. Gen., of counsel, for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

By this appeal, Leonard J. Vraniak seeks reversal of an order of the district court in a habeas corpus proceeding. That court[1] sustained the constitutionality of the Aiding Escape Act of Illinois, § 228, ch. 38, Illinois Revised Statutes 1957, which act, Vraniak argues, violates the Fourteenth Amendment to the United States Constitution.

Following his conviction of violation of that act, he was sentenced by the Criminal Court of Cook County, Illinois, to a term of not less than six years nor more than ten years, which sentence he began serving on September 15, 1956, and from which he is now seeking release.

The facts are undisputed. Nickolas LaCoco, Vraniak and several other prisoners were confined in the Cook County, Illinois, jail. LaCoco was awaiting transportation to an Illinois penitentiary to serve a sentence of not less than forty years, nor more than fifty years, on a charge of burglary. Vraniak fashioned openings in the metal partitions of two adjoining cells, People v. Vraniak, 5 Ill. 2d 384, 385, 125 N.E.2d 513, because of which he was charged with, and convicted of, aiding LaCoco to attempt to escape. LaCoco and several other prisoners were involved in the attempted escape, in the course of which one of the others was killed.

Vraniak alleges that he has exhausted all available state remedies.[2] This has been denied by respondent, who is the warden having his custody.[3] However, for the purpose of this opinion, we shall assume that Vraniak has exhausted such remedies.

The Aiding Escape Act provides:

"*Whoever* conveys into the penitentiary, or into any jail or other place of confinement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or *by any means whatever aids, abets, or assists such prisoner to escape or to attempt to escape from any jail, prison, or any lawful detention whether such escape is effected or attempted or not*, or conceals or assists any convict after he had escaped, *shall upon conviction thereof be given the same penalty as the prisoner whom he aided or abetted*, except that in case the prisoner is sentenced to death, the penalty for such aid shall be imprisonment for life in the penitentiary." (Italics supplied.)

The italicized portion is applicable to this case.

---

1. United States v. Randolph, D.C., 161 F.Supp. 553.

2. After citing an Illinois post conviction proceeding and a writ of error to review Vraniak's conviction, the district court found that Vraniak had exhausted all available state remedies. United States v. Randolph, supra, 161 F.Supp. at page 556.

3. We are aware that respondent says in his brief: "Petitioner [Vraniak] did not challenge the validity of the statute in the Illinois courts on the ground that it did not require specific intent. In order to demonstrate exhaustion of State remedies, it must appear not only that the State prisoner repaired to the State courts but that he *asserted in those courts the same Federal constitutional ground for discharge that he subsequently seeks to assert in the Federal courts*. [United States] ex rel. Lilyroth v. Ragen, 7 Cir., 222 F.2d 654, at page 655."

It is significant that the Illinois court imposed on Vraniak an indeterminate sentence of not less than six years nor more than ten years. It thus construed the penalty provision of the Aiding Escape Act as permitting a maximum sentence less than the maximum imposed upon the aided prisoner. We accept the Illinois court's construction of the Act.[4] Such interpretation is, if not analogous to, at least in harmony with the spirit of, the Illinois Indeterminate Sentence Act,[5] which is an enlightened statute serving the dual purpose of protection to society and an opportunity for rehabilitation of a convict. In making Vraniak's sentence lighter than LaCoco's, the Illinois court had the tacit approval of the Illinois Supreme Court which, in People v. Nicholson, 401 Ill. 546, 82 N.E. 2d 656, pointed out that Nicholson had been sentenced to not less than two years nor more than seven years for a violation of the Aiding Escape Act, and that one Palmer, whom he aided in escaping from a county jail, was under a sentence of not less than one year nor more than twenty years. As to Nicholson, an indeterminate sentence with a maximum sentence less than the maximum sentence imposed upon the escaped convict, was affirmed.

The constitutionality of the Aiding Escape Act is challenged by Vraniak's brief, as follows:

### Part I

(a) A statute which does not serve the ends of justice, namely vindication of the law, deterrence, and reform, except by happenstance, is unreasonable and arbitrary in application, and violative of the equal protection of the laws guaranteed by the United States Constitution.

(b) A statute wherein punishment is determined solely by reference to the penalty imposed on the escapee, and which does not consider the circumstances of the offense, character and propensities of the offender, and intent to reform, is unreasonable, acts arbitrarily, and is violative of the equal protection of the laws guaranteed by the United States Constitution.

(c) A statutory scheme which does not provide for like penalties for like offenses is unconstitutional, being violative of the equal protection of the laws guaranteed by the United States Constitution.

(d) A statute which does not serve any of the ends of punishment, where punishment is not reasonably related to the acts done by the offender, and where like offenses are either not punished or subject to lesser penalties, is unconstitutional as applied to the Petitioner, being violative of the equal protection of the laws guaranteed by the United States Constitution.

### Part II

(a) The Illinois Supreme Court's interpretation of the statute, rejecting intent as a material element of the offense of aiding escape is binding upon this Court. Such a construction of the statute is coupled with the fact that Petitioner was convicted without establishing that his acts were committed for the purpose of aiding escape of another.

(b) The aiding escape statute cannot constitutionally be applied to Petitioner, where it was not shown that Petitioner did certain acts for the purpose of aiding the escape of another, as the statute so construed and applied did not reasonably forewarn Petitioner as to what conduct was proscribed, or provide an ascertainable standard of guilt; therefore such an application is void for vagueness, violating the due process clause of the Fourteenth Amendment of the United States Constitution.

4. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 73, 31 S.Ct. 337, 55 L.Ed. 369.

5. § 801 et seq., ch. 38, R.S.Ill.1957.

■ As to the reasons stated in Part I, we find no basis for invalidating the Act. The legislative function was performed in such a way as to avoid any violation of the equal protection of the laws guaranteed by the federal constitution. The Illinois general assembly, did not, in any of the ways enumerated in contentions (a) to (d) of said Part I, violate the fourteenth amendment to the federal constitution. We are confirmed in this conclusion by the persuasive reasoning of the Illinois Supreme Court in People v. Nicholson, supra, 401 Ill. at page 553, 82 N.E.2d at page 660, where it said:

"* * * It is within the power of the legislature to provide one penalty for all prisoners who aid one convicted of robbery to escape, and to provide another penalty for all prisoners aiding one convicted of petty larceny to escape. This is not an arbitrary discrimination. The measure of punishment is fixed by the terms of this statute, in accordance with the seriousness of the offense of which the prisoner, who is released or sought to be released from prison, is convicted. * * *"

■ As to the reasons stated in Part II, we are in accord with the Illinois Supreme Court's analysis, People v. Vraniak, 5 Ill.2d 384, 390, 125 N.E.2d 513, 515, which points out that the Act defines a crime which may be committed in any one of three ways: (1) by conveying an instrument into a place of confinement *with the intent* to facilitate a prisoner's escape; (2) by aiding a prisoner to escape or attempt to escape; or (3) by concealing or assisting a prisoner after he has so escaped. Quite properly that court pointed out that intent is an element of only the first way. Since Vraniak was indicted and convicted of "aiding, abetting and assisting" in an attempted escape, intent was not a material element of the crime and need not have been specifically alleged or proved.

■■ The general rule is that, to constitute a crime, the act must (except in cases of *malum prohibitum*, which is irrelevant here) be accompanied by a criminal intent. 22 C.J.S. Criminal Law §§ 29, 30, pp. 84, 86. The exception to the general rule is where a specific intent is an element of a crime, in which case the specific intent must be proved as an independent fact and cannot be presumed from the commission of the unlawful act. 22 C.J.S. Criminal Law § 32, p. 91. Under the general rule, the intent to commit crime may be implied from the established facts. The accused is presumed to know and to intend what he does. When Vraniak fashioned an opening through which he might escape from the jail, he was bound to know that other prisoners might use the same means of exit. It was not necessary that he should know the identity of those who might follow him. He created the opening which was a standing invitation to any who would rather be on the outside than on the inside. Thus he aided the attempted escape of LaCoco and others.

As to the parts of the Act which, according to the Illinois Supreme Court, apply to Vraniak, his intent was established by the proved facts.

Attorney Norman M. Gold, by appointment of this court, has served faithfully and without compensation as counsel for Vraniak in this court. We extend to Mr. Gold our appreciation for his services.

For the reasons hereinbefore set forth the order of the district court is affirmed.

Affirmed.