## THE STATE v. FREDERICK S. BOYD.

Submitted March 5, 1914—Decided July 27, 1914.

1. A party indicted for a high misdemeanor who waives trial by jury and is tried before the court without a jury by his own consent, is not entitled to a reversal on the ground that his right to a trial by an impartial jury was infringed.

2. Under Crimes act (*Comp. Stat., p.* 1744, *pl.* 5c; *Pamph. L.* 1908, *p.* 577), denouncing the inciting to the unlawful burning or destruction of public or private property, the language used by defendant as charged in the indictment *held* in connection with the results of the acts advocated as disclosed by the evidence to amount to the destruction of private property.

3. The question whether the indictment should have specified the owner or owners of property whose destruction was advocated, in violation of *Pamph. L.* 1908, *p.* 577, not considered because not raised before the jury was sworn, as required by section 44 of the Criminal Procedure act.

4. The act (*Pamph. L.* 1908, *p.* 577) does not violate the constitutional provisions: (*a*) United States constitution, amendment 6; (*b*) United States constitution, amendment 14; (*c*) United States constitution, amendment 1, or New Jersey constitution, article 1, section 5 (liberty of speech, &c.).

5. To constitute a violation of *Pamph. L.* 1908, *p.* 577, it is not necessary that the destruction of property advocated shall have taken place in fact.

On error to Passaic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *Henry Marelli, Gustav A. Hunziker* and *Gilbert E. Roe* (of New York).

For the state, *Michael Dunn,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The defendant was indicted under the statute of 1908 set out in the compiled statutes as section 5e of the Crimes act, page 1744, providing that any person who shall, in public or private by speech, &c., advocate, encourage, justify, praise or incite the unlawful burning or destruction of public or private property, &c., shall be guilty of a high misdemeanor. There were two indictments, both of which charge that there was a public meeting during the strike of silk mill workers, and that at this meeting the accused did unlawfully and willfully and by speech advocate, encourage and incite the said persons so assembled at said meeting to the unlawful destruction of private property situate in the city of Paterson. The indictments then go on to quote what the defendant said, and in both of them it is averred that he recommended the use by the strikers of what is called sabotage, consisting

of injury to the material or to the machine on which they were employed. In the first indictment he recommended that they "put a kink into the warp" and "fix up a little something in the dye box." The second indictment alleges that he recommended the use of vinegar on the reeds, sand paper on the spindle of silk, and a certain chemical in the dye box, all for the purpose of making the product unmerchantable, and preventing non-union workers from doing their work.

The case is submitted on briefs. The first point made by the plaintiff in error is that the court did not have jurisdiction of the cases, in that though the record proper shows that the defendant, after being indicted in the Quarter Sessions, waived trial by jury and was tried before the Court of Special Sessions in due form as provided by the statute, the stenographic transcript, and the judge's certificate, pursuant to section 126 of the Criminal Procedure act, show that instead of being tried in the Special Sessions before the court, the trial was had in the Quarter Sessions without a jury. This is alleged for error. Evidently, the trial was conducted in the Special Sessions, as stated in the record; and the stenographer's entry that it was in the Quarter Sessions, as well as the judge's certificate, are mere clerical errors and could be amended; but if, in fact, the trial was in the Quarter Sessions, the case of *State* v. *Stevens,* 84 *N. J. L.* 561, a decision by this court, is in point, and decisive against the present contention.

The second point is that the indictments do not charge the commission of any crime, in that the language quoted did not incite the destruction of property, but merely the injuring of property; but it appears, by the evidence in the case, that resort to the measures advocated by the defendant would result in the destruction of property, and we think there is no merit in this point, or in the point that the second indictment does not charge that the unlawful destruction of property was sought. The quoted language disposes of this claim.

It is also alleged that the indictments do not specify, nor

does the evidence disclose, any owner of the property to be injured, or that there was any owner of it. The point might perhaps be material if it had been made at the proper time, but it was not. Section 44 of the Criminal Procedure act provides that every objection to an indictment for form or substance, apparent on its face, shall be taken by demurrer or motion to quash, before the jury shall be sworn, and not afterwards; and our cases hold that an objection not so taken is barred thereafter. *Mead* v. *State,* 53 *N. J. L.* 601; *State* v. *Alderman,* 81 *Id.* 549. There was a motion to quash, but an examination of the grounds then urged shows that the point now made was not specifically presented to the court. The general proposition was stated that the indictments failed to charge a crime, but no specific defect was pointed out. We therefore find it unnecessary to consider whether the indictments were defective in failing to designate the owner of the property referred to.

It is further urged that the evidence failed to establish the commission of a crime. The principal claim made under this point is that there was no evidence to indicate that if the advice of the speaker had been followed, there would have been a destruction of property. We think that this ignores some of the evidence, and that it is very clear that if the jury believed the state's witnesses there would have been in such case a destruction of property.

The fourth point is an extended discussion of the proposition that the statute, as construed by the prosecutor, is unconstitutional, as in conflict with the following constitutional provisions:

*First.* The sixth amendment to the United States constitution, providing for speedy trial of the accused, information of the accusation, right to procure witnesses, &c. No specific transgression of this amendment by the act in question is pointed out, and we know of none.

*Second.* The fourteenth amendment (due process of law and equal protection of the laws). The point made, as we understand it, is that "inciting" to a crime is of a psychologic

and imaginative character, and that the act is void for uncertainty. What this has to do with the fourteenth amendment we fail to see. Generally considered, if acts denouncing incitement to crime are void, the theory of accessory before the fact, aiding, abetting and encouraging crime, and the great mass of criminal legislation of this and cognate character, would have to be erased from the books.

*Third.* The sixth paragraph of the first amendment of the United States constitution.

There is no such paragraph.

*Fourth.* The first amendment, and section 5 of article 1 of the New Jersey constitution (liberty of speech and of the press).

The same point was made in State *v.* Quinlan, argued at the November term, 1913, of this court (*post p.* 120), and what was said in the opinion in that case by Mr. Justice Kalisch is pertinent here. The Quinlan indictment was based upon the same statute, and the language charged therein advocated personal violence instead of injury to property. The fundamental answer to the point raised is that free speech does not mean unbridled license of speech, and that language tending to the violation of the rights of personal security and private property, and toward breaches of the public peace is an abuse of the right of free speech for which, by the very constitutional language invoked, the utterer is responsible. Incitement to the commission of a crime is a misdemeanor at common law, whether the crime advocated be actually committed or not. *State* v. *Quinlan, supra;* and this (by the weight of authority) whether the crime advocated be a felony or a misdemeanor. 12 *Cyc.* 182, and cases cited. That the right of free speech is not unlimited is well settled. 8 *Cyc.* 892; and in *People* v. *Most,* 171 *N. Y.* 423; 64 *N. E. Rep.* 175; 58 *L. R. A.* 509, it was expressly held that freedom of the press was not protected by the constitution to the extent of justifying newspaper articles advocating the murder of public officials. We reach the same result upon the point now raised.

The last point made is as follows: "Properly construed, the statute may be held constitutional, but so construed, it has not been violated by the defendant." We understand the argument made under this point to mean that the statute should be read as making criminal the advocacy of destruction of property, &c., only when coupled with some acts of destruction in pursuance of such advocacy, and that the evidence does not show that any such act was committed. There appears to be no evidence to show that any such act was committed, but, as has been said already, the act of incitement is criminal whether the crime advocated be committed or not. This disposes of all the points that are urged against the conviction. The judgment will be affirmed.