113 N.J. Super. 34 (1971)
272 A.2d 557
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HERBERT COOPER, DEFENDANT-APPELLANT, AND JOSEPH MOSS, CARLTON HOPPS, CALVIN MASSEY AND ALBERT MAC NEIL, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1971.
Decided January 15, 1971.
*36 Before Judges KILKENNY, HALPERN and LANE.
Mr. Harry D. Ambrose, Jr., Assigned Attorney, argued the cause for appellant.
Mr. Charles A. Cohen, Assistant Prosecutor, argued the cause for respondent (Mr. A. Donald Bigley, Prosecutor of Camden County, Attorney; Mr. Cohen on the brief).
The opinion of the court was delivered by LANE, J.A.D.
Cooper appeals from judgments of conviction of inciting the unlawful burning of property belonging to Camden County (N.J.S.A. 2A:148-10 subd. a) and of aiding or assisting prisoners to escape from the Camden County Jail (N.J.S.A. 2A:104-7). He was sentenced to the New Jersey State Prison for consecutive terms of not less than 2 1/2 years nor more than 3 years and not less than 1 year nor more than 1 1/2 years.
The indictments were tried against Cooper and Hopps, who were prisoners at the Camden County Jail on February 17, 1969. On that date a riot occurred in the jail during which county property was burned and destroyed and during which three fellow prisoners escaped through a window.
There was testimony from which the jury could find the following facts. The jail, located on the sixth floor of the Administration Building, consisted of four cell blocks, A, B, C and D. Cooper was an inmate in block B. When the correction officer in charge opened the door to block B to pass in a bucket and a mop, Cooper forced his way out yelling to the *37 other inmates to come out and that he was taking over the jail. Cooper, Hopps and another inmate took the keys away from the correction officer and opened the doors to the other cell blocks. The prisoners came out of the cell blocks, broke tables in the dining area and set them on fire, broke windows and generally destroyed available property. The lock was broken from a window in block D through which the escape was made.
Both Cooper and Hopps testified in their own behalf denying that they were involved in inciting the riot or in the riot itself and further denying that they had anything to do with the destruction of county property.
Defendant's main contention on appeal is that the trial court erred in denying his motion for judgments of acquittal made at the conclusion of the State's case. The basis of the contention is that there was no direct evidence that he had participated in the destruction of county property or that he had physically and directly assisted the three prisoners to escape. He further argues that his motion should have been granted as to the violation of N.J.S.A. 2A:104-7 because there was no evidence from which the jury could find that he had a specific intent to assist the escape.
N.J.S.A. 2A:148-10 states in part:
Any person who, in public or private, by speech, writing, printing or otherwise, advocates, encourages, justifies, praises or incites:
a. The unlawful burning or destruction of public or private property; or * * *.
The actual destruction of public property need not occur to support a conviction for a violation of that statute. The essential element of the crime is incitement to destruction of property rather than the actual destruction of property. State v. Quinlan, 86 N.J.L. 120 (Sup. Ct. 1914), aff'd o.b. 87 N.J.L. 333 (E. & A. 1915).
Commonwealth v. Hayes, 205 Pa. Super. 338, 209 A.2d 38 (Super. Ct. 1965), concerned a charge similar to what is before *38 us. The court in dealing with an incitement to riot indictment stated:
Inciting to riot is not a statutory offense in Pennsylvania but it is a common law crime. "Inciting to riot, from the very sense of the language used, means such a course of conduct, by the use of words, signs or language, or any other means by which one can be urged on to action, as would naturally lead, or urge other men to engage in or enter upon conduct which, if completed, would make a riot." Commonwealth v. Merrick et al., 65 Pa. Super. 482 at 491, 209 A.2d at 39.
The acts of the defendant in pushing his way out of the cell block yelling to the other prisoners to come out and that he was taking over the jail and that he was going to "break this place up" were sufficient to sustain a finding of guilt by the jury of a violation of N.J.S.A. 2A:148-10 subd. a. State v. Boyd, 86 N.J.L. 75, 80 (Sup. Ct. 1914), aff'd o.b. 87 N.J.L. 328 (E. & A. 1915); Commonwealth v. Apriceno, 131 Pa. Super. 158, 198 A. 515 (Super. Ct. 1938).
N.J.S.A. 2A:104-7 provides in part:
Any person who aids or assists a prisoner in any jail * * * to make or attempt to make his escape from any such institution * * * is guilty of a misdemeanor.
To be guilty of this provision it is not necessary to show that a defendant actually participated in an escape or that he intended to aid an escape. The State need not allege or prove a specific intent.
In People v. Vraniak, 5 Ill.2d 384, 125 N.E.2d 513 (Sup. Ct. 1955), cert. den. 349 U.S. 963, 75 S.Ct. 895, 99 L.Ed. 1285 (1955), the court in construing a similar statute held that "intent was not a material element of the crime and need not have been alleged." 125 N.E.2d at 517. In a later habeas corpus proceeding, United States ex rel. Uraniak v. Randolph, 261 F.2d 234 (7 Cir.1958), cert. den. 359 U.S. 949, 79 S.Ct. 733, 3 L.Ed.2d 681 (1959), the Circuit Court of Appeals agreed with the Illinois Supreme Court's analysis of the statute there involved, stating:
*39 The general rule is that, to constitute a crime, the act must (except in cases of malum prohibitum, which is irrelevant here) be accompanied by a criminal intent. 22 C.J.S. Criminal Law §§ 29, 30, pp. 84, 86. The exception to the general rule is where a specific intent is an element of a crime, in which case the specific intent must be proved as an independent fact and cannot be presumed from the commission of the unlawful act. 22 C.J.S. Criminal Law § 32, p. 91.
Under the general rule, the intent to commit crime may be implied from the established facts. The accused is presumed to know and to intend what he does. When Vraniak fashioned an opening through which he might escape from the jail, he was bound to know that other prisoners might use the same means of exit. It was not necessary that he should know the identity of those who might follow him. He created the opening which was a standing invitation to any who would rather be on the outside than on the inside. Thus he aided the attempted escape of LaCoco and others. [261 F.2d at 237]
The defendant's acts of breaking out of his cell block, opening the other cell blocks and attempting to take over the prison aided the escape as he should have known his acts would. They put in motion a chain of events which led directly to the escape.
The motion for judgments of acquittal was properly denied.
On rebuttal the State called a Marvin Kirk, who had been a fellow inmate at the time of the riot. It had been the State's intention to call Kirk on its direct case. However, he was no longer confined and could not be located by the State in time to be called on the direct case. The defendant argues that it was prejudicial error to permit Kirk to testify as a rebuttal witness. The admission of rebuttal testimony is within the trial court's discretion. In the absence of gross abuse, the exercise of such discretion will not be disturbed. State v. Balles, 47 N.J. 331, 343 (1966), app. dism. and cert. den. 388 U.S. 461, 87 S.Ct. 2120, 18 L.Ed.2d 1321 (1967); State v. Provoid, 110 N.J. Super. 547, 557 (App. Div. 1970). The trial judge specifically found that Kirk's testimony was proper rebuttal. We see no abuse of discretion, particularly because there is no intimation that the State intentionally withheld his testimony. See State v. DeRocco, 53 N.J. Super. 316, 324 (App. Div. 1959).
*40 It is further urged that prejudicial error was committed because Kirk testified to a conversation between Hopps and one of the escapees in which the escapee asked Hopps to create some kind of disturbance which would allow an escape. When this testimony was adduced, both defendants objected. In overruling the objection the trial court stated, "and while this defendant [the witness] can hardly be used against the defendant Herbert Cooper because it hasn't shown [sic] that Herbert Cooper was present, certainly, it is admissible against Carlton Hopps." No request was made by the defendant for any additional or specific instruction to the jury. Defendant considered at the trial and now considers in his brief that such statement by the court was a cautionary instruction. In view of the failure of the defendant to specifically request a more detailed instruction to the jury, we find no plain error. State v. Corby, 28 N.J. 106 (1958); State v. Provoid, 110 N.J. Super. 547, 556, supra.
The other points urged by the defendant, that error was committed in the admission of certain photographs and a broken window lock, that the verdict was against the weight of the evidence and that the sentences were excessive, are without merit.
The judgments of conviction are affirmed.