**James G. LAWRENCE, on his own behalf and on behalf of all persons similarly situated, Plaintiffs,**

v.

**Joseph P. LORDI, as County Prosecutor of Essex County, New Jersey, etc., Defendant.**

**Civ. A. No. 1562–70.**

United States District Court,
D. New Jersey.

March 16, 1971.

Frank Askin, Newark, N. J., American Civil Liberties Union, for plaintiffs.

Joseph P. Lordi, Essex County Prosecutor by R. Benjamin Cohen, Montclair, N. J., for defendant.

OPINION

Before McLAUGHLIN, Circuit Judge, WHIPPLE and FISHER, District Judges.

CLARKSON S. FISHER, District Judge.

Plaintiff, James G. Lawrence, brings this suit attacking the constitutionality of N.J.S. 2A:148–10.[1] Upon proper application, a temporary injunction was issued staying pending criminal proceedings in the Superior Court, Law Division, Essex County. Plaintiff further seeks to have this injunction made permanent. Pursuant to 28 U.S.C. §§ 2281 and 2284, this three judge court was convened.

Plaintiff was indicted for advocating, encouraging, justifying, praising, or inciting the unlawful destruction of office furniture and equipment on the premises of the *Observer*, a college newspaper published at Rutgers, the State University, located at 350 High Street, Newark, New Jersey. This incident is alleged to have occurred on October 23, 1970.

In seeking this court's intervention into the state criminal process, plaintiff relies on the Supreme Court's opinion in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) as an exception to the general rule articulated in Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943) prohibiting such interference by a Federal Court. Plaintiff argues that *Dombrowski, supra,* sets forth two circumstances which allow a Federal Court to disregard the *Douglas* rule. The first is when a state statute is challenged on its face for being an overly broad and vague regulation of expression and there are actual threatened prosecutions under that statute. The second circumstance warranting interference under *Dombrowski* is when the State institutes a prosecution without any hope of ultimate success and the action is designed only to inhibit lawful First Amendment activities.

Plaintiff contends that his claim comes within the ambit of the first criterion set out in *Dombrowski, supra.* He takes the position that the statute under which he was indicted was overbroad and vague and susceptible to unconstitutional application. However, under the opinions of the United States Supreme Court in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688, decided after the arguments were heard in the case *sub judice, Dombrowski* only permits intervention by a Federal Court into the state criminal process when there is a bad faith prosecution or there is irreparable injury which is both "great and immediate". Such injury must be more than that incidental to every criminal proceeding.

The court further elaborated on what must be shown to constitute "great and immediate" irreparable injury which would allow intervention under *Dombrowski* when it said:

"We do not think that opinion (*Dombrowski*) stands for the proposition that a federal court can properly enjoin enforcement of a statute solely on the basis of a showing that the statute 'on its face' abridges First Amendment rights. There may, of course, be extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment."

As an example of such extraordinary circumstances, the court cited its opinion in Watson v. Buck, 313 U.S. 387, 61 S. Ct. 962, 85 L.Ed. 1416 (1941) in which it stated:

"It is of course conceivable that a statute might be flagrantly and pa-

1. "Any person who, in public or private, by speech, writing, printing or otherwise, advocates, encourages, justifies, praises or incites:
  (a) The unlawful burning or destruction of public or private property; or

  (b) Assaults upon any of the armed forces of the United States, the national guard, or the police force of this or any other state or of any municipality; or
  (c) The killing or injuring of any class or body of persons, or of any individual—
Is guilty of a high misdemeanor."

tently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." 313 U.S. at 402, 61 S.Ct. at 967.

■■ Here we find no reason to deviate from the holding of the Supreme Court in *Younger, supra,* and we therefore stay our hand. No bad faith prosecution is alleged by the plaintiff nor do we foresee any harassment. Furthermore, the statute in question is not of the type envisioned by the Supreme Court in *Buck, supra,* as it has only been used in New Jersey to prosecute incitements to violence,[2] which is not a constitutionally protected activity. Schenck v. United States, 249 U.S. 47, 39 S.Ct. 247, 63 L.Ed. 470 (1919). N.J.S. 2A:148–10 has heretofore been legitimately applied. Therefore, we are not dealing with a statute which is unconstitutional in every possible manner of construction or application. In fact the statute which was in controversy in *Younger, supra,* is not unlike the one under consideration here. The words of each prohibit the advocacy of crimes. The Supreme Court ordered the lower Federal Court to abstain in its consideration of that statute and the same mandate would seem to apply here.

Accordingly, application for declaratory judgment and a permanent injunction is denied. The temporary injunction, heretofore granted, is vacated. Defendant will submit an Order.

2. There have been four reported cases in which indictments have been brought under N.J.S. 2A:148–10 and only two of them reached the New Jersey Supreme Court, both in 1914. Those cases, State v. Boyd, 86 N.J.L. 75, 91 A. 586 (1914), and State v. Quinlan, 86 N.J.L. 120, 91 A. 111 (1914), arose out of incitements to violence in connection with a labor dispute. The vagueness issue was considered in these cases, but the question of overbreadth was never brought to the attention

of the New Jersey Supreme Court. The other two, State v. Hopson, 109 N.J. Super. 382, 263 A.2d 205 (Law Div.1970) and State v. Cooper, 113 N.J.Super. 34, 272 A.2d 557 (App.Div.1971) concerned the incitement of violence against a police officer and the incitement of a jail riot respectively. No cases have been found where a person has been indicted for encouraging, justifying or praising violence nor for advocating it in the abstract.