**The People of the United States of America James J. CARR, Appellant,**

v.

**Thelma SHARP, President of the New Jersey State Civil Service Commission, et al.**

**No. 19445.**

United States Court of Appeals, Third Circuit.

Argued Nov. 11, 1971.

Decided Dec. 28, 1971.

James J. Carr, pro se.

John Van Dalen, Deputy Atty. Gen., Division of Law, Trenton, N. J. (George F. Kugler, Jr., Atty. Gen. of New Jersey, Trenton, N. J., Stephen Skillman, Asst. Atty. Gen., of counsel; David S. Litwin, Deputy Atty. Gen., on the brief), for appellee Thelma Parkinson Sharp.

Before VAN DUSEN and JAMES ROSEN, Circuit Judges, and BECKER, District Judge.

OPINION OF THE COURT

PER CURIAM:

Petitioner Carr was a senior inhalation therapist at Roosevelt Hospital, Fords, New Jersey. On August 5, 1966, he was dismissed for insubordination to the Superintendent-Medical Director of the

hospital.[1] His dismissal was subsequently sustained by the Civil Service Commission of the State of New Jersey and the Appellate Division of the New Jersey Superior Court. Petitioner then filed a complaint in the United States District Court, alleging that his dismissal violated his constitutional rights. Judge Coolahan of the District Court dismissed his complaint, by an order dated Setpember 28, 1970, for failure to state a claim for which relief could be granted under 42 U.S.C. § 1983 and § 1985. This appeal followed.

▮ Petitioner now alleges a wide variety of injustices,[2] but the thrust of his complaint is that the discharge violated the Due Process Clause of the Fourteenth Amendment and the Civil Rights Act, 42 U.S.C. § 1983 and § 1985.

▮ Because he is proceeding *pro se*, we construe his complaint in the way most favorable to him.[3] Nonetheless, after resolving all ambiguities in favor of Mr. Carr, we find that his claims lack factual support. His due process claim fails because shortcomings, if any, of his hearing before the Hospital Board were remedied by the hearing *de novo* before the New Jersey Civil Service Commission[4] and review by that State's Appellate Division.[5] The petitioner was represented by retained counsel on both occasions.

---

1. The dismissal followed a hearing at the Hospital, at which Mr. Carr was found to have been insubordinate to the Superintendent-Director and to have used offensive language in the presence of patients. The Civil Service Commission, upon reviewing the Hospital's decision pursuant to N.J.S.A. 11:15–4 et seq. rejected the claim that petitioner used offensive language, but upheld the remaining charge of insubordination.

2. Among these are allegations that his adversary's lawyer violated Canon 3 of the Canons of Professional Ethics by having a private conference with the Presiding Judge of the New Jersey State Appellate panel which sat in this case. When asked to substantiate the claim at the argument before this Court, petitioner explained that he was referring to a telephone call the Judge made to Mr. Carr's attorney asking him to call his adversary's attorney to encourage him to submit his brief promptly. This phone call neither supports the initial factual allegations nor in any way constitutes a violation of the Canons.

3. See United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969) cert. den. 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970); Lockhart v. Hoenstine, 411 F.2d 455 (3d Cir. 1969) cert. den. 396 U.S. 941, 90 S.Ct. 378, 24 L.Ed.2d 244 (1969); Gray v. Occidental Life Insurance Company of California, 387 F.2d 935 (3d Cir. 1968) cert. den. 391 U.S. 926, 88 S.Ct. 1825, 20 L.Ed.2d 665 (1968).

4. After hearing the testimony of Mr. Carr, his three witnesses, and the four witnesses produced by the defendants, the Commission found (1) that Mr. Carr had been "insubordinate" to the Superintendent-Medical Director "when he refused to comply with clear and appropriate instructions" to him and (2) that his refusal "endangered the health and welfare of an acutely ill patient." From these facts, the Commission concluded:

> "Mr. Carr's conduct amply justified his dismissal. No hospital, charged with the health and welfare of its patients, can tolerate the insubordinate acts of a technician who challenges the judgment of one of the hospital's leading physicians. The technician and nurse have a very significant role in the hospital's operation. But the expertise of the medical doctor cannot be defied without endangering the life of the patient.
> "It is the further conclusion of this Hearer from observation of Mr. Carr that he remains convinced to this date that his conduct was proper. And if given the opportunity, he would repeat his defiant conduct."

The Commission affirmed the Hospital's dismissal of Mr. Carr.

5. The New Jersey Superior Court, Appellate Division affirmed the Commission's decision. "We find substantial credible evidence present in the whole of the record adduced before the Commission to sustain its findings and conclusions. Atkinson v. Parsekian, 37 N.J. 143, 149, [179 A.2d 732] (1962); Campbell v. Dept. of Civil Service, 39 N.J. 556, 562, [189 A.2d 712] (1963);" Carr v. Sharp, decided September 30, 1968, Docket A–175–67 (Opinion not published).

The civil right allegations are unsupported by any substantial facts.[6] The conclusory complaint was properly dismissed by the District Court for failure to state a claim for which relief can be granted. Oliver v. Governor of State of Pennsylvania, 442 F.2d 1347 (3d Cir. 1971); Gaito v. Ellenbogen, 425 F.2d 845 (3d Cir. 1970); Goslee v. Crawford, 411 F.2d 1200 (3d Cir. 1969); Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967); United States ex rel. Hoge v. Bolsinger, 311 F.2d 215 (3d Cir. 1962), F.R.Civ.P. 8(a).

The judgment will be affirmed.

6. Petitioner's allegations include "vicious discrimination with forethought of malice," "deprivation of fair impartial hearing by suppressing criminal evidence," "obstruction of the administration of justice," "conspiracy to inflict discrimination," "negligence," "fraud and perjury," "infliction of cruel and unusual punishment," and forcing him to be an accessory to a criminal act.