Marvin BURAK

v.

COMMONWEALTH OF PENNSYL-
VANIA et al.

Civ. A. No. 69–1697.

United States District Court,
E. D. Pennsylvania.

Feb. 22, 1972.

M. Melvin, Shralow, Villanova, Pa., Benjamin Lerner, and Stephen A. Sheller, Philadelphia, Pa., for plaintiff.

James D. Crawford, Asst. Dist. Atty., for Arlen Specter and Com. of Pa.

George J. Ivins, Second Deputy City Sol. and Levy Anderson, City Sol., Philadelphia, Pa., for Frank L. Rizzo and City of Philadelphia.

Before KALODNER, Circuit Judge, and BODY and DAVIS, District Judges.

## OPINION OF THE COURT

BODY, District Judge.

In this purported class action under F.R.Civ.P. 23, plaintiff has brought suit under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 against the above-named defendants for a declaration of the unconstitutionality of certain Pennsylvania statutes in the area of criminal libel, 18 P.S. §§ 4412, 4413 and 4413.1 [1] and for a permanent injunction against the enforcement of these statutes by the defendants. Plaintiff bases his claim of jurisdiction on 28 U.S.C. §§ 1331, 1343 (Federal Question; Civil Rights and elective franchise).

The criminal complaint which initiated the chain of events leading to the commencement of this civil rights action was filed by Officer Joseph Beck of the Philadelphia Police Department on July 18, 1969. In it he alleged that Marvin Burak, our plaintiff here, in a radio broadcast of July 11, 1969 on Station WXUR, Media, Pennsylvania, made certain "malicious, defamatory, false and libelous statements" which constituted criminal acts under 18 P.S. §§ 4412, 4413.1 and 4302. Our plaintiff commenced his action here on July 23, 1969. An amended complaint, which added allegations of bad faith on the part of defendants, was filed on July 30, 1969.[2]

At the request of plaintiff, application was made for the appointment of a three-judge court under 28 U.S.C. § 2284. The three-judge court was constituted by order of Chief Judge Hastie on August 15, 1969. Prior to the appointment of three-judge court, defendants had moved to dismiss the complaint for

---

1. § 4412. Libel

Whoever writes, prints, publishes or exhibits any malicious or defamatory libel, tending either to blacken the memory of one who is dead, or the reputation of one who is alive, thereby exposing him to public hatred, contempt or ridicule, is guilty of libel, a misdemeanor, and on conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one (1) year, or both.

No peron shall be indicted for the same libel in more than one county. 1939, June 24, P.L. 872, § 412.

§ 4413. Furnishing false or libelous statements

Whoever maliciously states, delivers or transmits by any means whatever to the manager, editor, publisher, reporter or agent of any newspaper, magazine, publication, periodical, or to the writer or author of any editorial or article for publication therein, any false or libelous statement shall be imprisoned not exceeding one (1) year or fined not exceeding one thousand dollars ($1000), or both. 1939, June 24, P.L. 872, § 413; 1949, May 27, P.L. 1899, § 1.

§ 4413.1 Furnishing false or libelous matter for broadcasting

Whoever maliciously states, delivers or tranmits by any means whatever to the owner, agent or employe of a radio, television or facsimile broadcast station or studio, or to any person intending the same for broadcasting, any false or libel-ous statement, view, scene or matter, shall be imprisoned not exceeding one (1) year or fined not exceeding one thousand dollars ($1000), or both. 1939, June 24, P.L. 872, § 413.1, added 1949, May 27, P.L. 1899, § 2.

2. Plaintiff's amended complaint has never been signed, as required by F.R.Civ.P. 11. A failure to sign is a mere technical defect, however, and, especially since none of the defendants has previously pointed to this violation of Rule 11 and alleged prejudice, we shall treat the complaint as properly amended. Holley Coal Co. v. Globe Indemnity Co., 186 F.2d 291 (4th Cir. 1950) : 5 C. Wright & A. Miller, Federal Practice and Procedure § 1334 (1969).

Paragraph 15 of plaintiff's amended complaint reads as follows:

"Plaintiff, Marvin Burak's arrest under these statutes was part of a general pattern of behavior by defendants to employ arrests under these statutes, and to employ various sundry other methods, to harass and prevent plaintiff Burak and all others similarly situated from asserting their first amendment rights in criticizing the district attorneys, chief and members of the police department of Philadelphia in the performance of their duties. Such statutes are applied in bad faith as part of a continuing attempt by defendants to place the police department of Philadelphia in a position where it cannot be effectively criticized or reviewed by the citizens of Philadelphia."

failure to state a claim upon which relief could be granted under F.R.Civ.P. 12(b) (6). These motions were denied but were referred to the three-judge court for its consideration. It is our understanding that by order of Judge James T. McDermott, the state criminal proceedings have been stayed pending disposition of this present action.

Since the initial hearing on the question of depositions in this action, the Supreme Court of the United States decided Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). Further argument was had before the three-judge court on November 9, 1971 concerning the applicability of these recent decisions to the present civil rights action.

Plaintiff contends that *Younger* and *Samuels* are not applicable to our present action. It seems clear, however, that if these cases are applicable, and if our case does not fall within the exceptions to the rule of *Younger* and *Samuels,* we are compelled to grant defendants' motions to dismiss because of the "national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." Younger v. Harris, supra, 401 U.S. at 41, 91 S.Ct. at 749.

Plaintiff notes that the rule of *Younger* and *Samuels* is applicable only to "pending" state criminal prosecutions and that, since plaintiff was not indicted until after his federal civil rights suit was filed, there was no pending state criminal prosecution in this case. Plaintiff suggests that the time of indictment or information is the only trigger to the application of the *Younger* rule. We disagree.

▪ Plaintiff points to a footnote in a prior Supreme Court opinion to justify his position. Dombrowski v. Pfister, 380 U.S. 479, 484 fn. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). Language in that footnote does support plaintiff's position, but since it was not necessary to the decision in that action, we do not find it dispositive of the issue before us.

There is language in a companion case to *Younger* which suggests that the Supreme Court did not mean to articulate an inflexible rule as to when a criminal prosecution is pending. In Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971), plaintiff had already been indicted for violation of Massachusetts obscenity laws when he filed his suit for federal declaratory and injunctive relief. Subsequently, however, those indictments were dismissed, though later new indictments were returned. The Supreme Court declared that it would treat the prosecution as if it had been pending at the time the federal suit was begun. *Byrne,* supra, at 218 fn. 2, 91 S.Ct. 777.

A recent decision in this Circuit held that dismissal of a lawsuit was proper under the authority of *Younger* and *Samuels* where the suit had been initiated after the filing of a state criminal complaint but before the grand jury had met. Lewis v. Kugler, 446 F.2d 1343, 1348 fn. 8 (3d Cir. 1971).

We find it noteworthy that in Pennsylvania "Criminal proceedings may be instituted by: 1. A written complaint in any case." Pa.R.Crim.P. 102, 19 P.S. In Philadelphia, within the jurisdiction of the Municipal Court, criminal prosecutions (involving cases where the offense charged carries a maximum sentence of not more than five years imprisonment) occur without any indictment procedure. We do not find it likely, in view of the disparity involved in state criminal prosecutions, that the Supreme Court meant to enunciate a rigid rule concerning the commencement of state criminal prosecutions.

▪ We hold that the state criminal prosecution, commenced by the filing of a criminal complaint by Officer Beck on July 18, 1969, was pending at the time plaintiff filed his federal suit for declaratory and injunctive relief.

*Younger,* of course, did not suggest that under no circumstances will a fed-

eral court grant declaratory and injunctive relief to prevent a pending state criminal prosecution. Rather the Court reaffirmed the necessity of a showing of irreparable injury, which is both great and immediate and which is such as cannot be eliminated by the defense against a single criminal prosecution. Younger v. Harris, supra, 401 U.S. at 46, 91 S.Ct. 746. In a later part of the opinion, the Court also referred to bad faith and harassment as the usual prerequisites to a showing of irreparable injury. Younger v. Harris, supra, at 53, 91 S.Ct. 746. See Lawrence v. Lordi, 324 F. Supp. 1092 (D.N.J.1971).

▆▆▆ We find that plaintiff has failed to allege facts in support of his claims of bad faith prosecution and harassment by the defendants and, as a result, we must dismiss this action. United States ex rel. Carr v. Sharp, 454 F.2d 271 (3d Cir. 1971); Marcedes v. Barrett, 453 F.2d 391 (3d Cir. 1971); Kauffman v. Moss, 420 F.2d 1270 (3d Cir. 1970); Negrich v. Hohn, 379 F.2d 213 (3d Cir. 1967). Paragraph 15 of plaintiff's amended complaint [3] is similar to the complaint allowed in Dombrowski v. Pfister, supra, 380 U.S. at 482, 85 S. Ct. 1116. But in *Dombrowski,* unlike our present case,

". . . appellants . . . had offered to prove that their offices had been raided and all their files and records seized pursuant to search and arrest warrants that were later summarily vacated by a state judge for lack of probable cause. They also offered to prove that despite the state court order quashing the warrants and suppressing the evidence seized, the prosecutor was continuing to threaten to initiate new prosecutions of appellants under the same statutes, was holding public hearings at which photostatic copies of the illegally seized documents were being used, and was threatening to use other copies of the illegally seized documents to obtain grand jury indictments against the appellants on charges of violating the same statutes." Younger v. Harris, supra, 401 U.S. at 48, 91 S.Ct. at 752.

Plaintiff in this action has not yet, either in pleadings or in his briefs, gone beyond his conclusory allegations of bad faith and harassment and has clearly fallen far short of appellants' efforts in *Dombrowski.* He has clearly not complied with the ruling of Negrich v. Hohn, supra, regarding the pleading of specific factual allegations in civil rights actions, and he has not made the requisite showing of irreparable injury required by Younger v. Harris, supra, and Samuels v. Mackell, supra.[4] Accordingly, we will dismiss this action.

▆▆▆ In the recent decision of Commonwealth v. Armao, 286 A.2d 626 (Pa. 1972), a three-judge plurality of the Pennsylvania Supreme Court held that 18 P.S. § 4412, one of the libel statutes here at issue, was unconstitutional, but did not rule on the legality of the other two statutes in question in our present action. Since this decision was supported by only three judges of the Supreme Court, it cannot under Pennsylvania law be considered a controlling precedent. Commonwealth v. Cooper, 444 Pa. 122, 125, 278 A.2d 895 (1971). For these reasons we do not consider *Armao* as dispositive.

---

3. See footnote 2, supra, at p. 535.

4. Plaintiff has not suggested to this Court that he has suffered any further prosecutions under the Pennsylvania libel statutes since the commencement of this present civil rights suit. Accordingly, we believe that his claims are such as can be eliminated by the defense against a single criminal prosecution. Younger v. Harris, supra, 401 U.S. at 46, 91 S.Ct. 746.