The **DELAWARE CHAPTER of the NATIONAL ORGANIZATION for the REFORM OF MARIJUANA LAWS (D.C. N.O.R.M.L.) et al., Plaintiffs,**

v.

**Colonel James L. FORD, Superintendent of the Delaware State Police, and his successors, et al., Defendants.**

**Civ. A. No. 4755.**

United States District Court,
D. Delaware.

Nov. 8, 1974.

Arlen Mekler, of Wise, Lindh & Mekler, Wilmington, Del., for plaintiffs.

Jeffrey M. Weiner, State Prosecutor, Wilmington, Del., for defendants Stabler and Ford.

Christine Harker, Asst. City Sol., Wilmington, Del., for defendant McCool.

Before GARTH, Circuit Judge, LATCHUM, Chief District Judge, and STAPLETON, District Judge.

## OPINION

PER CURIAM:

This suit seeks a declaratory judgment that the Delaware Uniform Controlled Substances Act, 16 Del.C. § 4701 et seq. is unconstitutional insofar as it makes the private possession and use of marijuana by adults a crime in the State of Delaware. Injunctive relief is also sought against the state officials responsible for enforcement of these statutes. A three-judge court has been convened pursuant to 28 U.S.C. §§ 2281 and 2284. Jurisdiction is alleged to exist under Sections 1331 and 1343 of Title 28 of the United States Code.

This suit was originally instituted by the Delaware Chapter of the National Organization for the Reform of Marijuana Laws ("D.C.N.O.R.M.L.") and Stephen Michalowich. D.C.N.O.R.M.L. is alleged to be a non-profit, unincorporated association devoted to the proposition that the "private possession and use of marijuana should be left to personal choice and not subjected to criminal penalties." The initial complaint alleges that some of D.C.N.O.R.M.L.'s members have been prosecuted, and others are subject to a "substantial and immediate threat of prosecution," for use of marijuana. It is further alleged that there is a "systematic enforcement of Delaware's Uniform Controlled Substances Act," that the police have been preoccupied with investigation of violations of the challenged portions of the statute, and that the courts of Delaware have been swamped with prosecutions under it.

Stephen Michalowich, who is alleged in the original complaint to be under indictment, voluntarily withdrew from the case on November 19, 1973. After his withdrawal, two other individual plaintiffs were permitted to intervene. In conjunction with this intervention, an amended complaint was submitted. Paragraph 4 of the amended complaint alleges as follows:

4. Plaintiff John G. Hayden is a Delaware resident, who has been arrested for violation of the Delaware Uniform Controlled Substances Act, and is presently under indictment for said (sic) i. e. for the possession of marijuana in violation of 16 Del.C. § 4754. He wishes to continue using marijuana in the State of Delaware and is subject to possible further arrests and prosecution under the provisions of § 4754 of Title 16 of the Delaware Code. He is an adult, in that he has passed his eighteenth birthday.

He wishes to sue in this action on behalf of himself and all other adults, that is, persons who have passed their eighteenth birthday, who are similarly situated.

Paragraph 5 of the same document reads as follows:

> 5. Plaintiff Robert Allen Sercelj is a Delaware resident who has not been convicted of any offense under the Delaware Uniform Controlled Substances Act; nor is he presently under indictment for any offense thereunder, however, he presently uses and wishes to continue using marijuana in the State of Delaware and is subject to possible arrest and prosecution of (sic) § 4754 of Title 16 of the Delaware Code. He is an adult, that is he has passed his eighteenth birthday. He wishes to sue in this action on behalf of himself and all other adults, that is, persons who have passed their eighteenth birthday, who are similarly situated.

The defendants have moved to dismiss the action as to all three plaintiffs on the ground that each lack standing and on the alternative ground that further prosecution of this suit would be inconsistent with the doctrines of restraint announced in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971).

In the course of the briefing of these motions it became apparent that there were facts of possible relevance to the issues raised which had not been made a part of the record. In response to a request of the Court, the parties, on July 22, 1974, stipulated additional facts concerning the contacts of the two individual plaintiffs with the Delaware criminal justice system. From this stipulation and the records of this Court the following chronologies appear with respect to the individual plaintiffs:

On March 7, 1974 Robert Sercelj was arrested by state authorities for possession of marijuana. On March 15, 1974 his motion to intervene in this Court was granted and he became a party to this suit.[1] On April 5, 1974 Mr. Sercelj waived his right to a preliminary hearing and was bound over to the Delaware Superior Court. He was indicted on June 12, 1974, arraigned on July 12, 1974, and is currently awaiting trial on this alleged offense.

John Hayden was arrested for possession of marijuana on December 8, 1973. After a preliminary hearing on January 4, 1974, he was bound over to the Delaware Superior Court; on February 13, 1974, he was indicted. He pleaded guilty to the offense on March 12, 1974. On March 15, 1974, Mr. Hayden's motion to intervene in this case was granted.[2] Subsequently, on May 3, 1974, Mr. Hayden "was placed on one year of conditional discharge without a judgment of guilt pursuant to 16 Del.C. § 4764." Thereafter, on May 11, 1974, Mr. Hayden was again arrested for possession of marijuana and was bound over to the Superior Court on this charge. On July 11, 1974 he was indicted by the Grand Jury and is presently awaiting trial on this alleged offense.

■■ Fairly read, the complaint in this action alleges that the statute is being aggressively enforced throughout the state, that Sercelj, Hayden and some members of D.C.N.O.R.M.L. are currently engaged in conduct which is prohibited by the challenged statute, that others similarly situated have been prosecuted and, accordingly, that there is a present and substantial threat that the plaintiffs will be prosecuted under the challenged statute. The record clearly indicates

1. Mr. Sercelj filed a motion to intervene in this case on January 8, 1974. The form of the motion did not comply with the applicable rule and his counsel was directed by the Court to remedy this situation. Compliance was achieved on March 8, 1974.

2. Mr. Hayden initially moved to intervene in this action on January 28, 1974. Compliance with the applicable rule was achieved on March 8, 1974.

that criminal prosecutions under the statute are presently pending against Sercelj and Hayden, as well as against members of D.C.N.O.R.M.L.[3] On these facts it appears that Sercelj and Hayden had *standing* to prosecute this action when they were permitted to intervene as each had an acute, live controversy with the State and its Attorney General at that time. Younger v. Harris, 401 U.S. 37, 41–42, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Steffel v. Thompson, 415 U.S. 452, 458–459, 94 S.Ct. 1209, 39 L. Ed.2d 505 (1974). Also since D.C.N.O. R.M.L. alleges an injury in fact to its members, it appears to have derivative *standing* to prosecute this action as an existing actual controversy. Sierra Club v. Morton, 405 U.S. 727, 739, 92 S. Ct. 1361, 31 L.Ed.2d 636 (1972); NAACP v. Button, 371 U.S. 415, 428, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). Accordingly, the Court will deny defendants' motion to dismiss for lack of standing.

We conclude, nevertheless, that the suit must be dismissed. In Younger v. Harris, *supra*, the Supreme Court held that traditional equity doctrine and considerations of comity preclude a federal court, in the absence of a showing of irreparable injury "both great and immediate," from enjoining enforcement of a state criminal statute at the behest of one who has a state prosecution pending against him at the time of the commencement of the federal suit. 401 U.S. at 46, 91 S.Ct. at 751. The court held that the anxiety and inconvenience of defending a single criminal proceeding cannot of itself constitute the requisite irreparable injury. The threat to the plaintiff's rights "must be one that cannot be eliminated by his defense of a single criminal proceeding." *Id.*

In a companion case, Samuels v. Mackell, *supra*, the Supreme Court held as follows:

. . . that, in cases where the state criminal prosecution was begun prior to the federal suit, the same equitable principles relevant to the propriety of an injunction must be taken into consideration by federal district courts in determining whether to issue a declaratory judgment, and that where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well.

401 U.S. at 73, 91 S.Ct. at 768.

The Supreme Court has not had occasion to determine at what point in the enforcement of a state criminal statute a prosecution becomes "pending" for the purposes of *Younger* and *Samuels*. The rationale of those cases, however, leads us to the conclusion that the criminal proceedings against the individual plaintiffs in this suit should be held to be "pending prosecutions" as of the time of their respective arrests. Burak v. Commonwealth, 339 F.Supp. 534, 536 (E.D. Pa.1972) (three-judge court); Oldroyd v. Kugler, 352 F.Supp. 27 (D.N.J.1972) (three-judge court).[4]

■■ Given this conclusion and the fact that the individual plaintiffs have not alleged injury or threat of injury of the kind required by *Younger* and *Samuels*, it follows that the case must be dismissed as to them. Plaintiff Sercelj

---

3. We read the complaint as alleging that prosecutions of some D.C.N.O.R.M.L. members were pending at the time of the filing of this suit. Plaintiffs' brief confirms that D.C.N.O.R.M.L. here seeks to represent those of its members "who were in imminent danger of arrest and prosecution, as well as those already being prosecuted."

4. Under Rule 3 of the Criminal Rules of Procedure of the Superior Court of Delaware, 13A Del.C.Ann., 364 (West 1971) criminal "proceedings may be instituted by indict-

ment (except when otherwise provided by the Constitution of . . . [Delaware]) by complaint, or by arrest where arrest is permissible without a warrant." Where an arrest is not permissible without a warrant, the filing of a criminal complaint, of course, precedes the arrest. R.Cr.Proc. 4, *Id.* at 365. While the record in this case does not reveal whether a complaint was filed, it is sufficient for present purposes to hold that the prosecutions of the individual plaintiffs commenced no later than their arrest.

was arrested on March 7, 1974 and was thus the subject of a pending prosecution when he first became a party to this litigation on March 15, 1974. Plaintiff Hayden's position is much the same since his first prosecution under the statute was still pending when he entered this lawsuit on March 15, 1974. While it is true that Hayden had pleaded guilty on March 12, 1974, a judgment of conviction and sentence had not been entered when he intervened in this suit on March 15, 1974. Two members of this Court are of the opinion that at least until he was sentenced he had not irrevocably waived his right to move to change his plea on the ground that the state statute creating the offense was unconstitutional. Rule 32(d), Rules of Superior Court. In the exercise of the equitable discretion mandated by *Younger* and *Samuels,* plaintiff Hayden should stand in no different position than he did the day before he elected to plead guilty. His suit will be dismissed.[5]

The situation of D.C.N.O.R.M.L. is somewhat different but requires the same conclusion as that reached with respect to the individual plaintiffs. As previously noted, this organization has not alleged injury, past or threatened, to itself. No prosecution is pending or threatened against it under the challenged statute. The standing which it asserts is derivative—the injury alleged is that of its members. Some of these, however, were the subjects of state criminal proceedings at the time of the filing of this suit and, according to the organization's brief, some of these prosecutions are still pending. In these circumstances, this Court finds itself in agreement with the views expressed by Mr. Chief Justice Burger, and joined in by Mr. Justice White and Mr. Justice Rehnquist, in Allee v. Medrano, 416 U.S. 802, 831, 94 S.Ct. 2191, 2208, 40 L.Ed.2d 566 (1974):

> . . . The same comity considerations apply whether the action is brought in the name of the individually arrested Union member or in the name of the Union, and there is no inequity in requiring the Union to abide by the same legal standards as its members is suing in federal court. If the Union were unable to meet the requirements of *Younger,* its members subject to prosecution would have a full opportunity to vindicate the First Amendment rights of both the Union and its members in the state court proceedings. Any other result would allow the easy circumvention of *Younger* by individuals who could assert their claims of First Amendment violations through an unincorporated association of those same individuals if the association is immune from *Younger* burdens.

> \*    \*    \*    \*    \*    \*

> . . . if the Union sues on the basis of injury to its members, since, as to a statute challenged, one member

5. The third member of this Court concurs in this result on the ground that, if Hayden's first prosecution is considered terminated for *Younger* purposes on the date of his guilty plea, his case must nevertheless be dismissed because a second state prosecution was instituted before the federal proceeding had materially progressed. In these circumstances, the federal proceeding will involve the same interference with the administration of state criminal justice as in *Younger* and *Samuels,* the same state remedies are available to Hayden as to the plaintiffs in those cases, and, since dismissal of the federal proceeding will not involve any material waste of judicial resources, the federal interest in the utilization of a federal forum is no greater than in those cases. Five members of the Supreme Court have joined in opinions which suggest that the policy of noninterference with legitimate state processes set forth in *Younger* and *Samuels* requires continuing scrutiny of the operative facts regarding the state proceedings and that the responsibility of a federal tribunal in this area does not cease when it has viewed the facts as of the date of the filing of the federal suit. Perez v. Ledesma, 401 U.S. 82, 103, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971) (concurring and dissenting opinion of Mr. Justice Brennan joined in by Mr. Justice White and Mr. Justice Marshall); Steffel v. Thompson, 415 U.S. 452, 476, 478, 94 S.Ct. 1209, 39 L.Ed.2d 505 (concurring opinions of Mr. Justice White and Mr. Justice Rehnquist, the latter joined in by Mr. Chief Justice Burger).

must, if suing on this own behalf, meet the requirements of *Younger*, the Union must do so, even though other of its members would not be so burdened if they had brought suit individually. The requirements of *Younger* are not to be evaded by artificial niceties.

Since no facts have been alleged as to D.C.N.O.R.M.L. or as to its members under prosecution which would satisfy the requirements of *Younger* and *Samuels*, the organization's challenge to the statute must also be dismissed.